IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Curtis Q. Owens, # 184674,                )   C/A No. 0:09-0192-TLW-PJG
                                          )
                                          )
                          Plaintiff,      )
                                          )
vs.                                       )
                                          )
Henery [sic] McMasters, Attny Gen; Jon Ozmint,    )
Dir. of SCDC; Warden Oscar Faulkenberry;          )
Associate Warden David Dunlap; Lt. NFN            )
Sanders; Lt. LaQuencia Hardwell, SMU Super;  Lt.  )
NFN Smith; Lt. NFN Holliday; Sgt. NFN Johnson;    )
Sgt. NFN Mackey; Sgt. NFN Robinson; Nurse         )
NFN Coley; CCC NFN Mrs. Hardner; Dr. NFN          )
McKinney; Kershaw Correctional Institution, in    )
there [sic] individual capacity of SCDC; Warden   )
Ridnard Bazzle; Assoc. Warden Stephen Clautor;    )
Deputy Warden Florence Maunnen; Capt. Rhonda      )
Abston; Lt. Tamara Conwell, SMU Supervisor;       )
Ofc. J. Allewein; IGC Merriam Concciolone; DHO    )
Richard L Turner, DOI NFN Nikki Coggins,          )
Investigator; Perry Corrections Institution, all of )
SCDC all in there [sic] individual capacity; Warden )
George T. Hagan; Major McKendley Newton; DOI      )
Anthony Orr, Investigator; Lt. Lewis Ferris, SMU  )
Supervisor; Sgt. NFN Odom; Sgt. Reddick           )
Wallings; IGC Libby Priestor; IGA Ann Hallmann;   )
Lt. Timmothy Thompson, now a Capt.; Allendale     )
Correctional Institution, in there [sic] individual )
capacity of SCDC; Warden Tim Riley, Associate     )
Warden Gary Lane; Capt. Jerry Alexander; Major    )
Paul Brewton; Sgt. NFN Robertson; Cpl NFN         )
Maddox; IGC Michaiel Fowler; Sgt. Derrick         )
McBryar, Tyger River Correctional Institution,    )
SCDC,                                             )
                                          )
                          Defendants.     )
_____ )

**REPORT AND
RECOMMENDATION FOR
*PARTIAL* SUMMARY DISMISSAL
AND DENIAL OF
PRELIMINARY INJUNCTION**

This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil

Rule 73.02(B)(2)(d) DSC.  The plaintiff, Curtis Q. Owens ("Owens"), proceeding *pro se*,

filed this action pursuant to 42 U.S.C. § 1983.  Owens asserts various claims against

numerous defendants. He also seeks a preliminary injunction (Docket Entry 6). For the following reasons, the court concludes that Owens's claims against various correctional institutions should be summarily dismissed and preliminary injunctive relief should be denied. Pursuant to a separately filed order, service of process will be authorized upon the individual defendants.

**DISCUSSION**

1.    <u>Review of *Pro Se* Pleadings</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act , Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable



in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so; however, a district court may not rewrite a petition to include claims that were

never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's

legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d

1274, 1278 (4th Cir. 1985).

2.      Correctional Facility Defendants

        To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must

allege:  (1) that he or she was injured; (2)  by the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws of the United States; (3)  by a person

acting under color of state law.    See 42 U.S.C. § 1983.   Owens has named four

correctional institutions—the Kershaw Correctional Institution, the Allendale Correctional

Institution, the Perry Correctional Institution, and the Tyger River Correctional

Institution—as defendants in this case.[1]  These correctional institutions are not "persons"

within the meaning of § 1983.  See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55

(1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies

politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 1230 (2002).  The correctional facilities consist of buildings,

facilities, and grounds—inanimate objects that do not act under color of state law—and

---

[1]It is unclear whether Owens intended to name these facilities as defendants, or merely
included them to identify where the individual defendants are employed.  In any event, the
court recommends that these facilities be dismissed and that the caption be amended to
delete reference to them to avoid confusion.

thus are not "persons" within the meaning of §1983. <u>See</u> <u>Preval v. Reno</u>, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), <u>rev'd on other grounds</u> 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983."); <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Defendants Kershaw Correctional Institution, Allendale Correctional Institution, Perry Correctional Institution, and Tyger River Correctional Institution should be summarily dismissed from this action without prejudice and without service of process.

3.    <u>Motion for Preliminary Injunction</u>

Owens has also submitted a motion for preliminary injunction (Docket Entry 6) based on the alleged practices of the defendants, which the plaintiff contends are fraudulent and deceptive and violate the Due Process Clause. The United States Court of Appeals for the Fourth Circuit has held that, in considering a motion for a preliminary injunction or temporary restraining order, courts must consider the following factors: (1) whether plaintiff will suffer irreparable injury if interim relief is denied; (2) the injury to the defendant if an injunction is issued; (3) the public interest; and (4) plaintiff's likelihood of success in the underlying dispute between the parties. <u>See</u> <u>West Virginia Ass'n of Club Owners and Fraternal Services, Inc. v. Musgrave</u>, 553 F.3d 292, 298 (4th Cir. 2009) (reversing grant of preliminary injunction); <u>Wetzel v. Edwards</u>, 635 F.2d 283, 287 (4th Cir. 1980); <u>North Carolina State Ports Authority v. Dart Containerline Company</u>, 592 F.2d 749, 750-53 & n.3 (4th Cir. 1979); <u>Blackwelder Furniture Co. of Statesville, Inc. v. Seilig</u>, 550 F.2d 189, 193 (4th Cir.1977); <u>Airport Comm. of Forsyth Co., N.C. v. Civil Aeronautics</u>

Board, 296 F.2d 95, 96 (4th Cir. 1961) (*per curiam*).  Owens's motion does not meet these factors.

A review of the Complaint shows that the plaintiff does not have a likelihood of success on the claims raised in this case.  Many of them will be barred on substantive grounds.  See Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997) (indicating what constitutes *actionable* excessive force); Valladares v. Cordero, 552 F.3d 384 (4th Cir. 2009) (affirming the district court's denial of officer's motion for summary judgment asserting qualified immunity in excessive force case).

Others will be barred for procedural reasons.  For example, in civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 265-280 (1985) (holding that in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries).  South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.  Hence, the plaintiff's claims prior to January of 2006 appear to be time barred.

Moreover, the Complaint further indicates that some of the plaintiff's claims may be barred by the doctrine of *res judicata*.  See Brown v. Felsen, 442 U.S. 127, 131 (1979); Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991).  Owens's Complaint indicates that he brought a prior state court case regarding these matters that was decided adversely to him in August of 2008.  In that case, according to his answers on page 1 of the Complaint, Owens raised claims of excessive force, negligence, and cruel and unusual punishment.  (See Compl., Docket Entry 1 at 1.)  Even in the absence of the

state court case file, the Complaint reveals that Owens is raising similar allegations in the above-captioned case.

Since many of the plaintiff's claims are likely to be barred on grounds of untimeliness or *res judicata*, or because the allegations do not meet the requirements of the applicable substantive law, the plaintiff has not demonstrated a likelihood of success on the merits. Accordingly, the plaintiff's motion for a preliminary injunction (Docket Entry 6) should be denied.

## RECOMMENDATION

Accordingly, the court recommends that the Kershaw Correctional Institution, the Allendale Correctional Institution, the Perry Correctional Institution, and the Tyger River Correctional Institution be summarily dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Further, the court recommends that the plaintiff's motion for a preliminary injunction (Docket Entry 6) be denied.

Paige J. Gossett

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 23, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the Notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).