Curtis Q. Owens, #184674,               )        C. A. No. 2:09-01-1204-1-W-RSC
                                        )
                      Plaintiff,        )
                                        )
            -versus-                    )        **REPORT AND RECOMMENDATION**
                                        )
Henery [*sic*] McMaster, Attny          )
Gen; Jon Ozmint, Dir. of SCDC;          )
Warden Oscar Faulkenberry;              )
Associate Warden David Dunlop;          )
Lt. NFN Sanders; Lt.                    )
LaQuencia Hardwell, SMU Super;          )
Lt. NFN Smith; Lt. NFN                  )
Holliday; Sgt. NFN Johnson;             )
Sgt. NFN Mackey; Sgt. NFN               )
Robinson; Nurse McKinney;               )
Kershaw Correctional                    )
Institution, in there [*sic*]           )
individual capacity of SCDC;            )
Warden Ridnard Bazzle; Assoc.           )
Warden Stephen Clautor;                 )
Deputy Warden Florence                  )
Maunnen; Capt. Rhonda Alston;           )
Lt. Tamara Conwell, SMU                 )
Supervisor; Ofc. J. Allewein;           )
IGC Merriam Concciolone; DHO            )
Richard L Turner, DOI NFN               )
Nikki Coggins investigator;             )
Perry Corrections Institution,          )
all of SCDC in there [*sic*]            )
individual capacity; Warden             )
George T. Hagan; Major                  )
McKendley Newton; DOI Anthony           )
Orr Investigator; Lt. Lewis             )
Ferris, SMU Supervisor; Sgt.            )
NFN Odom; Sgt. Reddick                  )
Wallings; IGC Libby Priestor;           )
IGA Ann Hallmann; Lt.                   )
Timmothy Thompson, now a                )
Capt.; Allendale Correctional           )
Institution, in there [*sic*]           )
individual capacity of SCDC;            )

1

Warden Tim Riley, Associate )
Warden Gary Lane; Capt. Jerry )
Alexander; Major Paul Brewton;)
Sgt. NFN Robertson; Cpl NFN )
Maddox; IGC Michael Fowler; )
Sgt. Derrick McBryar, Tyger )
River Correctional )
Institution, SCDC. )
)
          Defendants. )

This plaintiff's motion to intervene, captioned as "Motion for Temporary Restraining Order," is before the undersigned United States Magistrate Judge for a report and recommendation as provided for in 28 U.S.C. § 636(b) and the local rules of this court.

On June 24, 2009, the plaintiff, Curtis Q. Owens, filed the instant motion claiming he is being restricted from legal supplies and access to the courts. The defendants responded on July 13, 2009.

## TEMPORARY RESTRAINING ORDER STANDARD

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits: (1) plaintiff's likelihood of success in the underlying dispute between the parties; (2) whether plaintiff will suffer irreparable injury if the interim relief is denied; (3) the injury to defendant is an injunction is issued; and (4) the public interest. See, Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina

2

State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749
(4th Cir. 1979); and Blackwelder Furniture Co. v. Selig
Manufacturing Co., 550 F.2d 189 (4th Cir. 1977).

The two most important factors are the probable irreparable
injury to a plaintiff if the relief is not granted and the
likelihood of harm to a defendant if the injunction is granted.
Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592
F.2d at 750.

A plaintiff does not have an automatic right to a
preliminary injunction, and such relief should be used sparingly.
The primary purpose of injunctive relief is to preserve the
status quo pending a resolution on the merits.  Injunctive relief
which changes the status quo pending trial is limited to cases
where "the exigencies of the situation demand such relief."
Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  The party
seeking the preliminary injunction bears the burden of proving
that each factor supports granting relief.  Direx Israel, Ltd. v.
Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991).

### DISCUSSION

A review of the record and relevant case law reveals that
the plaintiff's motion to intervene, captioned as "motion for a
temporary restraining order", should be denied.  Here, the
plaintiff has failed to address any of the four factors the court
must weigh to grant a temporary restraining order.

3

For example, there is no showing of irreparable harm. Irreparable harm is defined as "an injury for which a monetary award cannot be adequate compensation." Jackson Dairy Inc. v. H. P. Hood & Sons, Inc., 596 F. 2d 70 (1979). "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U. S. 61 (1974) (quoting Virginia Petroleum Jobbers Assoc. v. Federal Power Comm'n., 259 F. 2d 921, 925 (D.C. Cir. 1958)). Here there is no showing of any injury, much less irreparable harm.

Absent an irreparable harm, the remaining balancing tests become irrelevant.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the plaintiff's motion to intervene, captioned "motion for temporary restraining order" be denied.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
July 20, 2009

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).